IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH LINGLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 cv 7130 |
| | ) | |
| v. | ) | Judge Lindberg |
| | ) | |
| STAR NISSAN, INC., | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, STAR NISSAN, INC., by and through its counsel, Tom H. Luetkemeyer and Clay M. Ullrick of Hinshaw & Culbertson LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

### PARTIES

1.  Plaintiff Joseph Lingle (hereinafter "Lingle") at all times relevant hereto lived in Streamwood, Cook County, Illinois. He was employed by Star Nissan, Inc. (hereinafter "Star Nissan") in Niles Illinois in the capacity of Finance Director.

**ANSWER:** Defendant admits that Plaintiff was employed by Defendant in the capacity of Finance Director. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 1 and therefore, denies those allegations.

2.  That defendant Star Nissan, Inc., is an Illinois Corporation in good standing. The acts and occurrences alleged herein occurred at the Star Nissan, Inc., in Niles, Cook County, Illinois.

**ANSWER:** Defendant admits the allegations of paragraph 2.

### JURISDICTION

3.  The jurisdiction of this Court is invoked under the provision of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and 28 U.S.C. § 1343.

**ANSWER:** Defendant admits that this Court has jurisdiction over Plaintiff's claim under the provisions of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

4. Venue is proper in the Northern District of Illinois, Eastern Division. The parties reside and do business in this District and the acts and transactions alleged occurred within this District.

**ANSWER:** Defendant admits that venue is proper in this district pursuant to 28 U.S.C. §1391.

## PROCEDURAL POSTURE

5. On September 17, 2007, Lingle filed a charge of discrimination with the Equal Employment Opportunity Commission. A copy of said charge is attached hereto as Exhibit "A" and made a part hereof.

**ANSWER:** Defendant admits the allegations of paragraph 5.

6. On September 26, 2007, Lingle received his Notice of Right to Sue. A copy of said Notice is attached hereto as Exhibit "B" and made a part hereof.

**ANSWER:** Defendant admits the allegations of paragraph 6.

## NATURE OF THE CASE

7. On or around May 15, 2000, Lingle began his employment with Star Nissan. At all times relevant hereto, Lingle was employed in the capacity of Finance Director.

**ANSWER:** Defendant admits the allegations of paragraph 7.

8. Throughout all relevant times, Lingle performed his employment duties in a manner that met the reasonable expectations of Star Nissan.

**ANSWER:** Defendant denies the allegations of paragraph 8.

9. Lingle has been diagnosed with diabetes.

**ANSWER:** Defendant lacks sufficient knowledge to either admit or deny the allegations of paragraph 9 and therefore, denies the allegations.

10. Lingle began experiencing issues with his speech in the Summer of 2006.

**ANSWER:** Defendant lacks sufficient knowledge to either admit or deny the allegations of paragraph 10 and therefore, denies the allegations.

11. As medical professionals attempted over the following months to determine what was causing Lingle's issues, they opined that Lingle was suffering from various ailments including an ear infection, myasthenia gravis ("grave muscle weakness"), stroke, etc..

**ANSWER:** Defendant lacks sufficient knowledge to either admit or deny the allegations of paragraph 11 and therefore, denies the allegations.

12. During this time, Lingle apprised various individuals at Star Nissan about his health problems, e.g., diabetes and the various suspected causes. Those individuals included but were not limited to Michael Berman (Owner), Chuck Settles (Executive General Manager) and Elaine Swift (Comptroller/Human Resources).

**ANSWER:** Defendant admits that from time to time, Plaintiff would speak with these three individuals regarding a variety of causes for his health issues. Defendant denies the remaining allegations of paragraph 12.

13. On or about May 7, 2007 Lingle underwent a battery of medical tests. Following the testing, Lingle's healthcare providers told him they were 90% sure he had Amyotrophic Lateral Sclerosis (hereinafter "ALS"), commonly referred to as Lou Gerhig's Disease.

**ANSWER:** Defendant lacks sufficient knowledge to either admit or deny the allegations of paragraph 13 and therefore, denies the allegations.

14. On or around this same date, Lingle informed Michael Berman (Owner) that Lingle's doctors believed he had ALS. At that time, Berman asked Lingle how long he would be able to work. Lingle told him "not to worry, I can do the job".

**ANSWER:** Defendant denies the allegations of paragraph 14.

15. In late May 2007, Berman told Lingle that he had done research on ALS. He further stated that he knew it was terminal, and he was sorry.

**ANSWER:** Defendant denies the allegations of paragraph 15.

16. On or around May 29, 2007, Lingle was officially diagnosed with ALS.

**ANSWER:** Defendant lacks sufficient knowledge to either admit or deny the allegations of paragraph 16 and therefore, denies the allegations.

17.     On or about June 25, 2007 at approximately 10:00 a.m., Settles (Executive General Manager) and Swift (Comptroller/Human Resources) called Lingle into Swift's office. At that time they told him:

- He should think about quitting;
- They could only offer him a date entry position;
- They wanted to put him on Family and Medical Leave;
- He needed to go home and think about the options given to him.

**ANSWER:** Defendant denies the allegations of paragraph 17.

18.     Following the meeting, Lingle went to Berman's (Owner) office and asked him if he really wanted to remove him from his position. Berman told him to "take the time to get better".

**ANSWER:** Defendant denies the allegations of paragraph 18.

19.     After Lingle's conversation with Berman, Lingle telephoned Roberta ("Robin") Lingle (his wife) to convey what had transpired. Following their conversation she attempted unsuccessfully to telephone Berman and Swift. Berman later telephoned her in response to the message she left him. During the conversations, Berman made statements to Roberta ("Robin") Lingle including but not limited to:

- "It broke his (Berman) heart to hear him (Lingle) talk";
- "I can't have him in finance";
- "I can't have him working with customers";
- "Lingle needs to take the FMLA leave".

**ANSWER:** Defendant denies the allegations of paragraph 19.

20.     On or about June 28, 2007, Lingle was forced to take two (2) weeks of vacation.

**ANSWER:** Defendant denies the allegations of paragraph 20.

21.     On or about July 9, 2007, Lingle tendered a doctor's note to Swift (Comptroller/Human Resources) stating that he was recently diagnosed with ALS, and he was able to return to work full-time without restrictions. At the time, Lingle requested that he be returned to work in his position of Finance Director.

**ANSWER:** Defendant denies the allegations of paragraph 21.

22. On or about July 9, 2007, Lingle spoke to Berman (Owner) Lingle told him that his doctors' said he could perform his duties as finance director. Lingle also stated he could work, and he could do his job. He also stated he would like a chance to do his job.

**ANSWER:** Defendant denies the allegations of paragraph 22.

23. In response to his requests, Berman (Owner) told Lingle to take the Family and Medical Leave. He also repeated "I don't want you in finance".

**ANSWER:** Defendant denies the allegations of paragraph 23.

24. Despite his physical issues and ultimate diagnosis of ALS, Lingle won performance contests in January 2007, February 2007, February/March 2007 and June 2007.

**ANSWER:** Defendant denies the allegations of paragraph 24.

## COUNT I
## VIOLATION WITH THE AMERICANS WITH DISABILITIES ACT

Defendant restates and realleges as though fully set forth herein its answers to paragraphs 1 through 24 above.

25. Star Nissan, Inc., is an employer and covered entity as defined by the American's with Disabilities Act ("ADA"), 42 U.S.C., § 12101 *et. seq.*

**ANSWER:** The allegations of paragraph 25 state a legal conclusion requiring no response. To the extent the allegations of paragraph 25 may be interpreted as allegations of fact, Defendant denies those allegations.

26. Lingle is an otherwise qualified individual with a disability or a perceived disability as defined by the ADA.

**ANSWER:** The allegations of paragraph 26 state a legal conclusion requiring no response. To the extent the allegations of paragraph 26 may be interpreted as allegations of fact, Defendant denies those allegations.

27. Star Nissan was required to discuss and reasonable accommodate, if necessary, Lingle's known or perceived disability and, by its actions described in paragraphs 17 through 23 above, failed to do either, choosing instead to terminate Lingle.

**ANSWER:** Defendant denies the allegations of paragraph 27.

28. As a direct and proximate consequence of Star Nissan's unlawful and discriminatory termination of Lingle, Lingle has suffered, and continues to suffer, a loss of income, including salary and benefits, anguish and emotional pain and suffering.

**ANSWER:** Defendant denies the allegations of paragraph 27.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## (PUNITIVE DAMAGES)

Defendant restates and realleges as though fully set forth herein its answers to paragraphs 1 through 28 above.

29. Star Nissan is an employer and covered entity as defined by the American's with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*

**ANSWER:** The allegations of paragraph 29 state a legal conclusion requiring no response. To the extent the allegations of paragraph 29 may be interpreted as allegations of fact, Defendant denies those allegations.

30. Lingle is an otherwise qualified individual with a disability or a perceived disability as defined by the ADA.

**ANSWER:** The allegations of paragraph 30 state a legal conclusion requiring no response. To the extent the allegations of paragraph 30 may be interpreted as allegations of fact, Defendant denies those allegations.

31. Lingle was subjected to a hostile work environment in that he was subjected to less favorable treatment than his similarly situated non-disabled counterparts.

**ANSWER:** Defendant denies the allegations of paragraph 31.

32. As a direct and proximate consequence of Star Nissan's unlawful and discriminatory treatment of Lingle, Lingle has suffered and continues to suffer a loss of income, including salary and benefits, anguish and emotional pain and suffering.

**ANSWER:** Defendant denies the allegations of paragraph 32.

33. Star Nissan willfully and wantonly took the actions against the Star Nissan with a reckless indifference to Lingle's rights.

**ANSWER:** Defendant denies the allegations of paragraph 33.

## COUNT III
## CONSTRUCTIVE DISCHARGE

Defendant restates and realleges its answers to paragraphs 1 through 24 above as though fully set forth herein.

34. After Lingle stated repeatedly that he wanted to and was capable of performing his job functions, provided medical documentation to Star Nissan that he was capable of performing his job without restrictions, and requested to be allowed to return to work, Star Nissan still refused to allow Lingle to perform his job. He was told his alternatives were to accept an internet data entry position at substantially less pay or he should quit.

**ANSWER:** Defendant denies the allegations of paragraph 34.

35. As a result of the foregoing actions, Lingle was forced to leave his position of Finance Director and was thus constructively discharged.

**ANSWER:** Defendant denies the allegations of paragraph 35.

36. Star Nissan's actions were willful and malicious and constituted a reckless indifference to Lingle's rights under Title VII, as amended.

**ANSWER:** Defendant denies the allegations of paragraph 36.

37. As a result of the aforesaid, Lingle suffered and continues to suffer in that he experienced anxiety, humiliation and embarrassment and has suffered and continues to suffer irreparable injury.

**ANSWER:** Defendant denies the allegations of paragraph 37.

## Affirmative Defenses

1. For its first affirmative defense, Defendant states that Plaintiff is not a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act.

2. For its second affirmative defense, Defendant states that Plaintiff either refused to participate in or terminated inappropriately the interactive process with Defendant to determine either the existence of possible or appropriate reasonable accommodations which would allow Plaintiff to perform his essential job functions.

3.  For its third affirmative defense, Defendant states that Plaintiff has failed to properly mitigate his damages.

WHEREFORE, Defendant, STAR NISSAN, respectfully prays this Honorable Court enter judgment in its favor and against Plaintiff, award Defendant its reasonable costs incurred in the defense of this litigation, and for such further relief as the Court deems just and proper.

> Respectfully submitted,
> HINSHAW & CULBERTSON LLP
>
> By: /s/ Clay M. Ullrick
> Attorney for Defendant

Tom H. Luetkemeyer, Esq.
Clay M. Ullrick, Esq.
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL  60601
(312) 704-3000

6268304v1 881763