

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH LINGLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 07 C 7130** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Lindberg** |
| **STAR NISSAN, INC.,** | ) | |
| | ) | **Magistrate Judge Brown** |
| **Defendant.** | ) | |

### AGREED PROTECTIVE ORDER

Upon stipulation of the parties, and pursuant to 26(c) of the Federal Rules of Civil Procedure the following Agreed Protective Order pertaining to the disclosure of oral or written discovery, whether by a party or a non-party in the above-captioned lawsuit, is to be entered:

      1.    **Confidential Information.**  This Agreed Protective Order shall apply to the following categories of documents, materials, or any other information generated, produced, disclosed or exchanged during the course of discovery in the above-captioned matter, whether by a party or non-party, pertaining to:

- Any and all social security numbers;
- Any and all medical information;
- Any and all insurance documentation;
- Any and all income tax records, financial records and any documentation relating to the financial information of the parties;
- Any and all information relating to protectable business interests;
- Any and all employment records.

It is the intent of the parties that the categories of information set forth in this paragraph shall be interpreted broadly so as to obviate the need to further define the categories of information, documents and things subject to discovery, produced in response to discovery or submitted as evidence in connection with motions, hearings, depositions, trial, or other proceedings in the action.

This information shall be treated as "Confidential" and subject to the terms of this Order. All such documents, materials or information shall hereinafter be referred to as "Confidential Information".

2. **Designation of Confidential Information** Documents shall be designated Confidential Information by marking them with the word "CONFIDENTIAL" in a manner which will not interfere with their legibility. This designation shall only be used in a reasonable fashion and upon a good faith basis. This designation shall ordinarily be made before or at the same time as the production or disclosure of the document. Since documents described in Paragraph 1 have been deemed presumptively confidential, there shall be no waiver of confidentiality if such documents are inadvertently produced without being stamped "CONFIDENTIAL". Inadvertent failure to keep a document confidential that is not marked confidential shall not be a violation of this order, but once such failure is discovered, good faith efforts shall be made thereafter to keep the document confidential.

3. **Treatment of Confidential Information.** Except as otherwise provided herein, the respective counsel may not copy, reproduce, show, divulge, or otherwise communicate in any manner whatsoever, the content or substance of Confidential Information, except in connection with this specific litigation. In connection with this

specific litigation, the respective counsel may disclose the content or substance of Confidential Information only to the parties, witnesses, expert witnesses, court reporters, consultants or others employed by the parties or their attorneys in connection with this specific litigation or necessary staff employees of counsel.  Confidential Information shall be disclosed to such persons only to the extent necessary to the litigation of this case and for no other purpose.

4.  **Disclosure of Confidential Information**  Before receiving or being shown any Confidential Information, all persons identified above with the exception of staff employees of the attorneys shall execute a copy of the "Agreement Concerning Confidential Information" attached as Exhibit "A" hereto.

5.  **Use of Confidential Information**  Confidential Information shall forever be held in confidence by the party receiving such information and shall not be used for any purpose other than the litigation of the above-captioned lawsuit.

6.  **Duration of Confidential Treatment.**  This Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals, except as set forth in Paragraph 11, infra.

7.  **Deposition Transcripts.**  Deposition testimony and exhibits containing Confidential Information shall be covered by this Order as provided in this paragraph. Additionally, any party may, either on the record of any deposition taken in this matter or by written notice to all counsel of record and the court report no later than five (5) business days after receipt of a deposition transcript, designate as "Confidential" portions thereof which refer to/or otherwise relate to Confidential Information.  During the five (5)

business days, all transcripts and information contained therein that are designated or otherwise treated as "Confidential" shall be deemed "Confidential Information" under the terms of this Order.

8. **Objections to Confidential Designation**. If either party or an interested member of the public objects to the designation of any document or other material as Confidential Information, that party may apply to the Court for a ruling that the document or other information shall not be accorded such status and treatment. Until the Court enters an Order changing the designation of such documents or information, such document or information shall continue to be protected as provided in this Order.

9. **Pleadings and Other Court Submissions**. To the extent that Confidential Information is referred to in any pleading, motion or other paper or document filed at any time with a Court, the parties shall redact such "Confidential Information". In such event, the redacted version of the paper or document shall be filed with the Court and an unredacted version of the submission shall be submitted to the Court under seal or as otherwise provided by the Court. For purposes of any Court hearings, testimony or evidence presented at the time of any proceedings may be designed as "Confidential Information" by indicating on the record (or at the time if no record is kept) that the testimony or evidence is so designated.

10. **Document Retention**. Within 120 days of the conclusion of this action, including all appeals, all documents containing "Confidential Information" that have been produced during the litigation shall be either returned to the producing party or destroyed. To the extent that any such documents that are returned to the producing party contain the work product of attorneys, all attorney work product may be redacted therefrom. No

copies, extracts or excerpts of any confidential documents shall be retained by the opposing party or its counsel (except as necessary for counsel to preserve appropriate records).

11.    **Admissibility**.  Nothing in this Order shall be deemed to preclude the admission into evidence in this case of "Confidential Information" and the parties herein have reserved all rights to seek admission into evidence in this case of "Confidential Information" or to object to the admissibility of such material.

12.    **Opposing Production**.  Nothing in this Order shall preclude any party from opposing production of any documents or information for any reason, or from seeking further or different relief should future activities indicate such a need.


Patricia L. Jochum\
One of plaintiff's attorney

Clay M. Ullrick\
One of defendant's attorneys


Patricia L. Jochum\
Favaro & Gorman, Ltd.\
835 Sterling Avenue\
Suite 100\
Palatine, Illinois 60067\
(847) 934-0060

Clay M. Ullrick\
Hinshaw & Culbertson\
222 North LaSalle Street\
Suite 300\
Chicago, Illinois 60601\
(312) 704-3000


SO ORDERED:

DATE: _5/2/08_              ENTERED _James B. Moran_

5

## EXHIBIT "A"

### AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he/she has read the Protective Order entered in this litigation on _____ and that he/she understands the terms thereof, that he/she has been designated by _____(INSERT NAME OF PARTY) as a qualified person thereunder, and that he/she individually and on behalf of _____ (INSERT NAME OF EMPLOYER) agrees to be bound by the terms of such Agreed Protective Order. The undersigned further understands that he/she can be adjudged to be in contempt of Court if found to have violated the terms of this Protective Order and that the Court may award an equitable and legal relief it deems appropriate.

_____

Dated: _____